## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NELSON ULSER GARCIA Y GARCIA, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) Case No. CIV-26-1053-D |
| MARKWAYNE MULLIN, et al., | ) ) ) |
| Respondents.[1] | ) |

## <u>REPORT AND RECOMMENDATION</u>

Petitioner Nelson Ulser Garcia Y Garcia, a noncitizen,[2] seeks a writ of

habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] United States District Judge

Timothy D. DeGiusti referred the case to the undersigned Magistrate Judge

for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. The

---

[1]    Chris Gantt is now the Warden of the Cimarron Correctional Facility. The Court replaces him as a Respondent for Scarlet Grant. Fed. R. Civ. P. 25(d). Warden Gantt is not a federal official, so the Government has not filed its response on his behalf. Doc. 12, at 1 n.1.

[2]    This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[3]    Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Government responded, Doc. 12, and Petitioner replied. Doc. 14, so the matter is at issue.

For the reasons below, the undersigned recommends the Court grant Petitioner's habeas petition in part, and order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226 within seven days or else release Petitioner.

## I.    Factual background and procedural history.

Petitioner is a citizen of Guatemala who has been in immigration detention since February 26, 2026. Doc. 1, at 6. Petitioner arrived in the United States in November 2019. *Id.* & Ex. 1. He did not encounter border officials and was neither inspected nor paroled into the country. *Id.*

On February 26, 2026, an Oklahoma state trooper encountered Petitioner during a traffic stop in Oklahoma. *Id.* Immigration and Customs Enforcement (ICE) officials arrested him, and the Department of Homeland Security (DHS) issued Petitioner a Notice to Appear (NTA) placing him into removal proceedings. *Id.* Ex. 1. DHS charged him as removable under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA).[4] His removal

---

[4]    This section is codified in the United States Code at 8 U.S.C. § 1182(a)(6)(A)(i). Section 1182(a)(6)(A)(i) provides that a noncitizen who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the

2

proceedings are "pending," with a hearing date of July 22, 2026. *See* https://acis.eoir.justice.gov/en/caseInformation (last visited July 15, 2026).[5]

## II.   Petitioner's claims.

Petitioner asserts his detention without a hearing violates the Fifth Amendment's Due Process Clause, the Equal Protection Clause, the Supremacy Clause, and the Administrative Procedure Act (APA) because the Government has "not provided any mechanism for individualized custody determinations" or review. Doc. 1, at 12-17. He seeks, among other things, immediate release or a bond hearing. *Id.* at 17.

## III.   Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in

---

Attorney General is ineligible to be admitted to the United States. *Id.* § 1182(a)(6)(A)(i).

[5]   The undersigned takes judicial notice of Petitioner's removal proceedings. *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (quoting *United States v. Ahidley*, 486 F.3d 1204, 1192 n.5 (10th Cir. 2007)).

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV.   Discussion.

Respondents argue Petitioner is mandatorily detained under 8 U.S.C. § 1225(b) as an "applicant for admission" and his request for a bond hearing or release is barred. Doc. 12, at 2. Respondents "acknowledge this Court's previous determinations that similarly situated petitioners who entered the United States without inspection are eligible for a bond hearing under § 1226(a), and understand the present case may be decided in a similar fashion." *Id.*

### A.   Section 1226 is applicable to Petitioner's detention and entitles him to a bond hearing.

Respondents assert that § 1225(b)(2)(A) applies to Petitioner's detention, and not § 1226. Doc. 12, at 2. The Court should disagree.

"[T]his Court has previously construed § 1225(b)(2)(A) as unambiguously requiring that an 'applicant for admission' also be 'seeking admission' for the section to control." *Munoz v. Grant*, No. CIV-26-544-D, 2026

4

WL 1078862, at *1 (W.D. Okla. April 20, 2026). "This conclusion is in accord with *Santillan Quiroz* [*v. Mullin*, ___ F.4th ___, 2026 WL 1876709, at *8 (10th Cir. June 30, 2026)], in which the Tenth Circuit held that '§ 1225(b)(2)(A)'s application is limited to the border.'" *Ramos Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *1 (W.D. Okla. July 14, 2026); *see Santillan Quiroz*, 2026 WL 1876709, at *5 ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

Petitioner has been residing in the United States for years and was present in the country when ICE detained him. So he "does not fall into the mandatory detention provision of § 1225(b)(2)(A)." *Ramos Perez*, 2026 WL 2033144, at *2. Instead, § 1226(a) controls his detention and entitles him to a bond hearing. *Id.* (citing *Santillan Quiroz*, 2026 WL 1876709, at *17 n.13).

The Court should grant Petitioner's petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within seven days, or else release Petitioner. *See Santillan Quiroz*, 2026 WL 1876709, at *17 n.13 (directing district court to order the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025)

("Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).").

### B.      The Court should deny Petitioner's APA claim.

Petitioner asserts Respondents also violated the APA. Doc. 1, at 16. But because Petitioner's claims for relief "'necessarily imply the invalidity' of [his] confinement," his claims "fall within the 'core' of the writ of habeas corpus and thus must be brought in habeas." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025); *see also id.* at 674 ("[G]iven 5 U.S.C. § 704, which states that claims under the APA are not available when there is another 'adequate remedy in a court,' I agree with the Court that habeas corpus, not the APA, is the proper vehicle here.") (Kavanaugh, J. concurring); *Soberanes,* 388 F.3d at 1310 ("Challenges to immigration detention are properly brought directly through habeas." (citing *Zadvydas,* 533 U.S. at 687)). The Court should deny Petitioner's request for relief under the APA.

### C.      The Court should decline to address Petitioner's remaining claims.

Given the undersigned's recommendation to grant Petitioner a bond hearing, the Court should decline to address the merits of Petitioner's due process, equal protection, and Supremacy Clause claims. The Court can grant

him relief under § 1226(a). *See Colin*, 2026 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim."); *see also Ramos Perez*, 2026 WL 2033144, at *2 n.2 (declining to address the petitioner's remaining claims after ordering a bond hearing).

## V.    Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **grant** Petitioner's habeas petition, in part, and **order Respondents to provide Petitioner with an individualized bond hearing before a neutral Immigration Judge within seven days or else release Petitioner.**

**The undersigned further recommends that the Court order Respondents to certify compliance by filing a status report within ten business days after the bond hearing is complete.** Counsel for Respondents should also promptly provide a copy of the Court's order to counsel for the Warden of the Cimarron Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by July 21, 2026,

7

in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[6] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

   **ENTERED** this 16th day of July, 2026.

     SUZANNE MITCHELL
     UNITED STATES MAGISTRATE JUDGE

---

[6] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").